UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VISTA FOOD EXCHANGE, INC.,

            Plaintiff,

   v.

COMERCIAL DE ALIMENTOS SANCHEZ S DE R L DE C.V. doing business as COMERCIAL SANCHEZ,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Docket No. 1:18-cv-08999

COMPLAINT WITH ENDORSED JURY DEMAND.

Plaintiff Vista Food Exchange, Inc. ("Vista"), complaining of the defendant, by its attorneys JONATHAN C. SCOTT P.C., respectfully shows the Court and alleges as follows:

## NATURE OF ACTION

1. This is an action for breach of contract arising from the purchase and sale of hundreds of thousands of dollars of wholesale meat products purchased from Plaintiff Vista Food Exchange, Inc. ("Vista") by Defendant Comercial De Alimentos Sanchez S De R L De C.V. doing business as Comercial Sanchez (hereinafter "Defendant" or "Sanchez Mexico").

2. Defendant Sanchez Mexico purchased over $750,000 in meat products from Vista in the United States, but it has failed and refused to pay for such products despite demand.

1

3. Defendant expressly agreed by written signed application that any litigation involving the transactions between the parties would take place in the State and County of New York and that New York law would apply.

## PARTIES

4. Plaintiff Vista Food Exchange, Inc. ("Vista") is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in the Hunts Point Coop Market, Bronx, New York.  Vista is in the business of wholesale sourcing, purchasing, selling and delivery of food products, including both perishable and shelf-stable food products.

5. Defendant Comercial De Alimentos Sanchez S De R L De C.V. doing business as Comercial Sanchez (hereinafter "Sanchez Mexico"), is, and at all relevant times was, upon information and belief, a partnership organized under the laws of Mexico, doing business in the United States including in New York and California, among other jurisdictions.

6. Sanchez Mexico's principal place of business is located at Calle Roble 2104, Frac. Jardin Dorado, Tijuana, Baja California, Mexico CP 22200.

## JURISDICTION AND VENUE

7. Subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen of New York and Defendant is a foreign partnership and because the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) & (b)(3) because (a) a substantial part of the events or omissions giving rise to the claim occurred in this District, and (b) the Defendant is a resident of a foreign country. Venue is also proper in this District because Defendant has consented to venue in the County of New York.

9. This Court has personal jurisdiction over Defendant on the basis of consent, as Defendant executed a contract consenting to jurisdiction in New York.

10. The Court also has personal jurisdiction over Defendant pursuant to CPLR § 302(a)(1) because the suit arises from the transaction of business in New York, including but not limited to Defendant's purchase of more than $750,000 in wholesale food products from Vista in New York.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

**Defendant Sanchez Mexico Opens a Relationship With Vista**

11. Vista is in the business of wholesale sourcing, purchasing, selling and delivering food products, both perishable and shelf-stable food products. Its principal place of business is located in the Bronx, New York.

12. Defendant Sanchez Mexico is a reseller of meat products.

13. In or about July 2011, Defendant Sanchez Mexico approached Vista concerning establishing an account with Vista to purchase wholesale food products.

14. Vista sells its food products only to customers who have an account with Vista. Accordingly, Vista provided Sanchez Mexico with an application to open an account with Vista.

3

15. On or about July 14, 2011, Sanchez Mexico submitted to Vista an application for credit (the "Credit Agreement") and sent the application to Vista's office in New York. A true and correct copy of the Credit Agreement is annexed hereto as <u>Exhibit 1</u>.

16. The Credit Agreement included the promise to pay for all costs, expenses and fees incurred in enforcing the obligations thereunder and the costs of collection, and included the following forum-selection and choice-of-law provision:

> Litigation of all kinds arising from transactions subject of this guaranty shall be subject to venue in the State and County of New York. New York law shall apply. *Id.*

17. Vista approved Defendant Sanchez Mexico's credit application with certain credit limits and established an account and a line of credit at Vista in Sanchez Mexico's name.

18. All invoices designated Vista's office in Bronx, New York for payment and over the course of years prior to the events at issue in this case, Sanchez made those payments to Vista's office by sending or wiring funds payable to the order of Vista.

19. Vista did not export any of the product involved in this case to Mexico.

20. For years, the business relationship between the parties was unremarkable as Vista sold meat products to Defendant in the United States and Defendant paid for the products. Typically, the products were picked up by Defendant or at Defendants' direction from various cold storage facilities in the United States.

21. From January 2014 through November 2014, Defendant purchased/received on account over $750,000 in meat products from Vista and has received such product from Vista but has failed and refused to pay for at least $698,902.00 of such product. In some instances, Sanchez picked up and accepted additional product and failed to pay for same. In other instances, Sanchez picked up and accepted the product that it ordered and failed to pay for same.

22. The existence of these purchases is confirmed by the invoices issued by Vista to Defendant Sanchez Mexico and or by a spreadsheet provided by Sanchez to Vista in or about Spring 2015 in which Sanchez admits to receiving the meat products from Vista.

23. Vista has suffered damages as a result.

**FIRST CAUSE OF ACTION**
(AGAINST Defendant Sanchez Mexico – BREACH OF WRITTEN CONTRACT)

24. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

25. From January 2014 through November 2014, Defendant Sanchez Mexico purchased over $750,000 in meat products from Vista pursuant to the terms and conditions of its account with Vista.

26. As detailed above, Defendant promised to pay in full for all goods purchased from Vista and after receiving the product failed to do so.

27. Defendant breached its contract with Vista by failing to pay the full amount due and owing for the meat products purchased from Vista under the account.

28. Vista fully performed under the contract.

29. As a result of Defendant's breaches, Vista has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
(AGAINST Defendant Sanchez Mexico – BREACH OF IMPLIED CONTRACT)

30. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

31. From January 2014 through November 2014, Defendant Sanchez Mexico purchased over $750,000 in meat products from Vista.

32. The dealings between the parties created an implied contract for Sanchez Mexico to pay Vista for all of the product that it purchased.

33. The implied contract required that said payments be made to Vista at its corporate office designated on the documents including the invoices.

34. Vista invoiced Defendant Sanchez Mexico for the product and the product was provided to or accepted by Sanchez Mexico.

35. In breach of the implied contract between the parties, Defendant Sanchez Mexico has failed to pay the full amount owing and due for the meat products provided by Vista, including but not limited to the invoices issued by Vista.

36. Vista fully performed under the contract.

37. As a result of Defendant's breaches, Vista has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
(AGAINST Defendant Sanchez Mexico – PROMISSORY ESTOPPEL)

38. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

39. Defendant Sanchez clearly and unambiguously promised Vista that it would pay to Vista for the products it purchased from Vista on the account.

40. Vista reasonably and foreseeably relied on Defendant Sanchez's promises.

41. In reliance on these promises of payment, Vista provided over $750,000 in meat products to Sanchez Mexico on account.

42. As a result of Defendant's failure to pay the full amount due and owing for the meat products purchased from Vista, Vista has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
(AGAINST Defendant Sanchez Mexico – UNJUST ENRICHMENT)

43. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

44. As a result of the conduct described hereinabove, Defendant Sanchez has been unjustly enriched at the expense of Plaintiff in that it has received over $750,000 in meat products from Vista for which Defendant has not paid.

45. Such unjust enrichment has been at Plaintiff's expense.

46. It is against equity and good conscience to permit Defendant Sanchez to retain the monies, profits and gains which it has obtained or will unjustly obtain in the future at the expense of Plaintiff.

7

47. Thus, Defendant should be required to disgorge all monies, profits and gains which it has obtained or will unjustly obtain in the future at the expense of Plaintiff, and a constructive trust should be imposed thereon for the benefit of Plaintiff.

WHEREFORE, Plaintiff Vista demands judgment against the Defendant as follows:

(A) For a judgment against Defendant for compensatory damages of seven hundred and fifty thousand dollars ($750,000);

(B) For a judgment against Defendant for disgorgement in an amount according to proof, but of no less than seven hundred and fifty thousand dollars ($750,000);

(C) For Plaintiff's attorneys' fees and costs;

(D) For pre-judgment and post-judgment interest.

(D) For such other and further relief to Vista as the Court deems just and proper.

Dated: October 1, 2018

/s/   *Jonathan C. Scott*
JONATHAN C. SCOTT (JCS 0813)

JONATHAN C. SCOTT, P.C.
1920 McKinney Ave., 7th Floor
Dallas, Texas 75201
(214) 999-2901

Attorneys for Vista Food Exchange, Inc.

8