PATRICK D. TOBIA
PTOBIA@GRSM.COM
DIRECT DIAL: (973) 549-2553
DIRECT FAX: (973) 377-1911



ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ 07932
WWW.GRSM.COM

October 7, 2020

**BY ECF**

The Honorable Ronnie Abrams, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>Vista Food Exchange, Inc., v. Comerical Sanchez</u>
             SDNY, Docket No. 1:18-cv-08999

Dear Judge Abrams,

      We represent Defendant Comercial De Alimentos Sanchez S DE R LE C.V. d/b/a Comercial Sanchez ("Sanchez") in the above referenced matter. We write to inform the Court that the parties have a discovery dispute that could not be resolved during its meet and confer telephone conference on July 23, 2020. Thus, we respectfully request an informal conference with the Court to resolve the dispute.

      In the present case, Plaintiff is suing seeking approximately $698,902.00 in damages for food products allegedly sold to and not paid for by defendant. There is a signed declaration from Plaintiff's own employee, Eduardo Andujo Rascon ("Rascon"[1]) attesting to the fact that defendant Sanchez paid Vista for the food products, and he declaration attaches invoices dating back months and years marked "Paid". See the March 30, 2018 letter from Mr. Hallock to Christine Luccio, Esq., Vista's counsel, **Exhibit A.** Rascon failed to give the payments from Sanchez to his employer Vista, and Vista fired him for his theft of funds. Plaintiff Vista has produced a document, Vista 00003, showing that Plaintiff Vista fired Rascon due his theft of the money paid to him by Sanchez. **Exhibit B.**

      On May 29, 2020, Sanchez served its First Set of Interrogatories and First Request for the Production of Documents on Plaintiff pursuant to the Scheduling Order dated May 15, 2020. **Exhibits C and D.** Plaintiff's responses were due June 28. Initial disclosures were also due May 21, 2020. Plaintiff failed to serve responses to Sanchez's discovery demands and initial disclosures by the Court ordered deadlines. At the request of Plaintiff's counsel, we allowed an extension for

---

[1] We are told by Vista that Rascon is deceased.

October 7, 2020
Page 2

Plaintiff to provide the outstanding discovery by July 17. By July 17, Plaintiff'still did not serve its discovery responses or its initial disclosures.

On July 23, the parties held a meet and confer telephone conference, in which we requested Plaintiff's counsel to serve his discovery demands and initial disclosures by the end of the following week. Plaintiff's counsel in fact did serve his discovery responses and initial disclosures by the end of the following week, although both of his responses were uncertified. However, after reviewing Plaintiff's responses to both Sanchez's First Set of Interrogatories and First Request for the Production of Documents, Plaintiff's responses are deficient in several respects.

### A. RESPONSES TO INTERROGATORIES

Plaintiff objected to every single interrogatory propounded by Sanchez stating that each interrogatory was "vague, ambiguous, unduly burdensome, overbroad and unintelligible… [and] exceeds the permissible scope of interrogatories in the Southern District of New York under Local Civil Rule 33.3." Sanchez served only 20 interrogatories that were extremely specific to the alleged contract and the alleged business relationship between Plaintiff and Sanchez, and limited to the time periods alleged in the Complaint. **See Exhibit C**. Sanchez is trying to understand the allegations regarding the relationship between Plaintiff and Sanchez, the common practice between the parties, the specifics about why Vista fired Rascon, and to determine the specific individuals involved. Sanchez's interrogatories are not seeking information that is out of the scope of this case.

Local Civil Rule 33.3 permits interrogatories during discovery:

> (b)    During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

In order to move this case along, we served our interrogatories one month ahead of the scheduling order's deadline (June 30, 2020). However, Plaintiff asked us for an extension, which we agreed to, and still served untimely and unresponsive answers. In order to move to the deposition phase, we need responses to our interrogatories. Thus, Plaintiff failing to answer Sanchez's interrogatories is only further delaying the litigation.

### B. RESPONSES TO DOCUMENT REQUESTS

Plaintiff has produced only 79 pages of bates stamped documents that do not respond to all the requests in Sanchez's First Request for Production. It is also not entirely clear as to which requests these few documents are responding to, as Plaintiff does not identify such in its responses. After reviewing the documents, we believe Plaintiff has insufficiently responded to document requests no. 1-3, 6-8, 11-16, 18, 21, 23-25.[2]

---

[2] Requests nos. 4-5 pertain to experts, and at this time, expert discovery is not due until November 30, 2020.

October 7, 2020
Page 3

Plaintiff refuses to answer Sanchez's document request no. 1-3 because Plaintiff has failed to respond to any of Sanchez's interrogatories and such requests are related to the interrogatories. Thus, once Plaintiff responds to Sanchez's interrogatories, Plaintiff must also respond to document requests nos. 1-3.

Plaintiff fails to provide documents regarding key individuals in this matter who may need to be deposed. In document requests nos. 6-8, Sanchez seeks documents concerning Plaintiff's employee Fred Hast, an employee who worked directly with Sanchez in the transaction of the food products at issue. Hast is copied on Rascon's termination letter (**Exhibit B**). However, Plaintiff refuses to provide any information as to Fred Hast, claiming such information is attorney-client privileged, attorney work-product, and confidential as it involves trade secrets. How the theft of funds by Rascon could conceivably be information that is attorney-client privileged, attorney work-product, or confidential related to trade secrets is surely a meritless and perhaps a frivolous objection. There is no basis to such objections - they are not legitimate - as we are trying to determine the business relationship and conduct between Sanchez, Rascon, Vista and Hast for the transactions at issue.

Additionally, Plaintiff provides some documents as to the employment of its former employee, Rascon; however, Plaintiff still does not provide any documents as to requests nos. 7-8 and 23, which seek information about Rascon. Rascon is also an employee who Sanchez dealt with regarding the transactions at issue and is the employee of Plaintiff who stole the money (Vista fired him for theft) Sanchez paid to Plaintiff for the food products[3]. However, Plaintiff refuses to provide responses to such vital and necessary requests.

Plaintiff also fails to provide documents for the underlying commercial transactions at issue, which are the focus of this entire case. In request nos. 12-18, 21, and 24-25, Sanchez seeks documentation relating to the transactions/sales of the food products for which Sanchez allegedly received from Plaintiff, but did not pay. Plaintiff responds to all requests, other than no. 16, by stating that such documents "will [be] produce[d]." However, we still have not received any documents to such requests even after agreeing to an extension to allow Plaintiff's counsel more time to respond. As to request no. 16, Plaintiff refuses to search for documents demonstrating that Sanchez received the alleged $698,902.00 of food products, as such request is "unintelligible, overly broad, vague and ambiguous, and unduly burdensome." This objection is completely unfounded as this request is directly asking Plaintiff to show evidence that Sanchez did indeed receive the food products for which Plaintiff alleges it is owed money.

### C. CONCLUSION

Plaintiff filed an almost identical case in California in February 2018. Plaintiff Vista dismissed its California action on April 27, 2018, a few weeks after Mr. Hallock, Sanchez's counsel, provided Vista with the sworn declaration of Rascon and the invoices marked paid. **Exhibits A and E**. At that time Vista fired Rascon for theft of funds. **Exhibit B.**

---

[3] This was revealed in some of the bates stamped documents provided by Plaintiff.

October 7, 2020
Page 4

Since that time Plaintiff filed a new action in New York, and has had so much time to organize its documents that it needs to provide in accordance with its basic discovery obligations. This New York action began almost two years ago, and the only discovery materials provided by Plaintiff to date are the Initial Disclosures and a few documents. Plaintiff has objected to and withheld much relevant discovery.

Plaintiff continues to delay the litigation by not responding to the Sanchez discovery requests. Responses to our discovery demands is necessary in order to conduct depositions. However, due to Plaintiff's deficient discovery responses, the parties are unable to complete depositions by the date in the scheduling order, August 15, 2020. Thus, we respectfully ask the Court to also amend the scheduling order and extend the dates in the scheduling order for depositions, fact discovery, and the discovery end date. We attach a new proposed scheduling order **(Exhibit F)**.

Thank you for your time and consideration to this matter.

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Patrick D. Tobia*
Patrick D. Tobia

cc: Jonathan Scott, Esq. (by e-mail)
    Peter Siachos, Esq.


By separate order, this case was referred to Magistrate Judge Cave for general pretrial purposes. The issues raised in this letter shall thus be raised with Judge Cave.

SO ORDERED.

_____
Hon. Ronnie Abrams
10/8/2020