UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VISTA FOOD EXCHANGE, INC.,<br><br>                              Plaintiff,<br><br>-v-<br><br>COMERCIAL DE ALIMENTOS SANCHEZ S<br>DE R L DE C.V., *doing business as* COMERCIAL<br>SANCHEZ,<br><br>                              Defendant. | CIVIL ACTION NO.: 18 Civ. 8999 (RA) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are Defendant Comercial De Alimentos Sanchez S DE R L DE C.V. d/b/a Comercial Sanchez's ("Sanchez") Letter-Motion (ECF No. 48) ("Sanchez's Motion") seeking additional discovery from Plaintiff Vista Food Exchange, Inc. ("Vista"), including supplemental responses to Interrogatories and Document Requests, and Vista's Letter-Motion (ECF No. 69) ("Vista's Motion") requesting a deposition of Sanchez pursuant to Federal Rule of Civil Procedure 30(b)(6) and the immediate production of documents listed in the Notice of Deposition of Sanchez Pursuant to Federal Rule of Civil Procedure, Rule 30(b)(6) ("Vista's Rule 30(b)(6) Deposition Notice," "Vista's Document Requests") (Sanchez's Motion and Vista's Motion, together, the "Motions").

Both the Motions have been fully briefed and are ripe. (See ECF Nos. 48, 65, 68–71). The Court has considered the parties' filings, and for the reasons set forth below:

(1) Sanchez's Motion is GRANTED IN PART to the extent that:

   a. Vista is ordered to conduct a reasonable search for and production of Documents showing Vista's acceptance of cash payments from Sanchez, in particular, a list of 20 transactions in 2013 (the "2013 Transactions").

    b. Vista is ordered to provide an affidavit from Vista's corporate representative regarding (i) Vista's litigation hold and its search of records relating to the Transactions in 2015, and (ii) the nature, scope, and results of Vista's search for internal communications regarding its employee Eduardo Andujo Rascon's ("Rascon") termination.

    c. Vista is ordered to provide responses to revised Interrogatories Nos. 16 and 20.

    d. Sanchez's Motion is otherwise DENIED.

(2) Vista's Motion is DENIED, and the parties are directed to meet and confer regarding the topics for and scheduling of the deposition of Sanchez's corporate representative and the production of documents responsive to Vista's requests that Sanchez has not yet produced.

## I. BACKGROUND

### A. Factual Background

The factual background in this breach of contract action as relevant to the Motion is taken from Vista's Amended Complaint (the "Amended Complaint") (ECF No. 35), the allegations of which the Court presumes as true for purposes of deciding the Motions.

On July 14, 2011, Vista, a food wholesaler based in Bronx, New York, and Sanchez, a reseller of meat products based in Tijuana, Mexico, entered into a Credit Agreement (the "Credit Agreement") to govern Sanchez's purchase of wholesale food products from Vista. (ECF No. 35 ¶¶ 6, 11–15). Pursuant to the Credit Agreement, over the course of several years, Vista sold meat products to Sanchez, who paid for the products by sending or wiring funds to Vista. (Id. ¶¶ 18, 20). From January 2014 through November 2014, Sanchez "purchased/received on account over $750,000 in meat products from Vista," (the "Transactions"), but, to date, has not paid for "at least $698,902.00" of the product it received. (Id. ¶ 21). Vista issued invoices to Sanchez reflecting each purchase, and in 2015, Sanchez provided a spreadsheet to Vista in which

Sanchez admitted to receiving the meat products. (Id. ¶ 22). Vista asserts against Sanchez claims for breach of contract (id. ¶¶ 24–37), promissory estoppel (id. ¶¶ 38–42), and unjust enrichment (id. ¶¶ 43–47).

For its part, Sanchez asserts that it paid Vista's employee, Rascon, who failed to give the payments to Vista and whom Vista ultimately fired due to his theft of the funds Sanchez had paid him for the meat products Vista had supplied. (ECF No. 48 at 1). Sanchez supports this assertion with an affidavit from Rascon (the "Rascon Affidavit") attached to which are invoices for the Transactions marked "Paid" in Spanish (the "Invoices"). (ECF No. 48-1). Rascon is apparently deceased. (ECF No. 48 at n. 1).

### B. Procedural Background

Vista filed this action on October 2, 2018. (ECF No. 1). On January 17, 2019, the Honorable Deborah A. Batts directed Vista to show cause why this action should not be dismissed for failure to prosecute. (ECF No. 7). Vista timely responded and thereafter filed a series of status reports with the Court stating its progress on serving Sanchez. (ECF Nos. 9, 11–13). Sanchez requested leave to file a motion to dismiss, which Judge Batts denied as "very untimely." (ECF Nos. 18, 20). On February 20, 2020, the case was reassigned to the Honorable Ronnie Abrams, following which the parties filed a joint status report and proposed case management plan. (ECF Nos. 24, 27, 28). Sanchez moved to dismiss Counts II (breach of implied contract), III (promissory estoppel), and IV (unjust enrichment), (see ECF Nos. 1, 29–30) which Judge Abrams denied without prejudice and directed Vista to file an amended complaint attaching the Credit Agreement. (ECF No. 33). On May 15, 2020, Judge Abrams implemented a case management plan and scheduling order setting October 30, 2020 for the close of fact discovery. (ECF No. 34).

3

On May 19, 2020, Vista filed the Amended Complaint attaching the Credit Agreement, and on June 2, 2020, Sanchez filed its Answer. (ECF Nos. 35, 37).

On October 7, 2020, Sanchez filed its Motion. (ECF No. 48). On October 8, 2020, Judge Abrams terminated Sanchez's Motion and referred this action to the undersigned for general pretrial supervision. (ECF Nos. 50–51). On October 30, 2020, on consent of the parties, the Court entered an amended case management plan and scheduling order setting the close of fact discovery as December 15, 2020 and the close of expert discovery as March 15, 2021 (the "Scheduling Order"). (ECF No. 61 at 2). On November 30, 2020, Vista filed its opposition to Sanchez's Motion (ECF No. 65), and on December 7, 2020, Sanchez filed its reply. (ECF No. 68). On December 8, 2020, Vista filed its Motion, which Sanchez opposed and in support of which Vista filed a reply. (ECF Nos. 69–71). The Motions are now ripe for decision.

## II. DISCUSSION

### A. Legal Standards

The Federal Rules of Civil Procedure establishes the scope of discovery as the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Rule 26 gives a district court 'broad discretion. . . to impose limitations or conditions on discovery . . . which extends to granting or denying motions to compel or for protective orders on just terms." Coty v. Cosmopolitan Cosmetics, Inc., No. 18 Civ. 11145 (LTS) (SLC), 2020 WL 3317204, at *1 (S.D.N.Y. June 18, 2020) (quoting Capstone Logistics Holdings, Inc. v. Navarrete, No. 17 Civ. 4819 (GBD) (BCM), 2018 WL 6786237, at *8 (S.D.N.Y. Dec. 13, 2018)).

"A party may serve on any other party a request [to produce documents] within the scope of Rule 26(b)" that are in the other party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). The responding party then must produce the requested documents "or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). If a party fails to make a disclosure required by Rule 26(a), or makes an incomplete disclosure, any other party may move to compel disclosure. Fed. R. Civ. P. 37(a). "Motions to compel, pursuant to Rule 37, are left to the sound discretion of the court." See Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd., 327 F.R.D. 52, 54 (S.D.N.Y. 2018) (internal citations omitted). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." EM Ltd. v. Republic of Arg., 695 F.3d 201, 207 (2d Cir. 2012).

B. Application

1. Sanchez's Motion

On May 29, 2020, Sanchez served on Vista its First Set of Interrogatories and First Request for Production of Documents, which consisted of 20 interrogatories (the "Interrogatories") and 26 document requests (the "Document Requests"). (ECF Nos. 48 at 1, 48-4). Vista failed to respond to the Interrogatories and Document Requests within the time required under the Federal Rules of Civil Procedure (see Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A)), and in fact did not respond until the end of July 2020, following a meet and confer telephone conference between the parties. (ECF No. 48 at 2). Vista objected to each of the Interrogatories as "vague, ambiguous, unduly burdensome, overbroad and unintelligible" and beyond the scope of interrogatories

5

permitted by Southern District of New York Local Rule 33.3.[1] (Id. at 2). In response to the Document Requests, Vista has produced 79 pages of documents, but Sanchez claims that Vista's responses to requests 1–3, 6–8, 11–16, 18, 21, and 23–25 are insufficient. (Id. at 2-3). In particular, Sanchez asserts that Vista has improperly asserted attorney-client privilege and work product objections to the Document Requests concerning Hast, who was copied on Vista's letter terminating Rascon's employment, and Rascon, and has failed to produce documents relating to the transactions for which Sanchez has allegedly not paid. (ECF No. 48 at 3).

In opposition to Sanchez's Motion, Vista asserts that the Rascon Declaration and the Invoices are "after the fact documentation" Sanchez has created that fail to support its affirmative defense of payment. (ECF No. 65 at 1–2). Vista opposes Sanchez's Motion on several grounds, including that Sanchez failed to meet and confer before filing the motion, that documents supporting Sanchez's payment defense would be in its possession not Vista's, and that it has produced the documents in its possession, custody, and control concerning the Transactions and party communications. (Id. at 3). Vista also states that it offered to have its IT manager sit for a deposition, which Sanchez did not accept. (Id.) Vista states that it has produced documents showing incoming wires from Sanchez for the one-year period before the Transactions, and it has not located any written communications between Rascon and Hast or

---

[1] Southern District of New York Local Rule 33.3 limits interrogatories at the outset of discovery to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Local Civ. R. 33.3(a). During discovery, interrogatories seeking information beyond these topics "may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court." Local Civ. R. 33.3(b). At the conclusion of discovery, and at least 30 days prior to the discovery cut-off date, parties may serve contention interrogatories unless prohibited by the Court. Local Civ. R. 33.3(c).

any internal communications discussing the reasons for Rascon's termination.  (Id. at 4–5).  Finally, Vista maintains that the Interrogatories are overbroad.  (Id. at 5–6).

In its reply, Sanchez narrowed its Document Requests to the following:

1. Documents showing Vista's acceptance of cash payments from Sanchez, in particular, the 2013 Transactions.

2.  An affidavit from Vista's corporate representative regarding Vista's litigation hold and its search of records relating to the Transactions in 2015.

3. An affidavit from Vista's corporate representative describing the nature, scope, and results of Vista's search for internal communications regarding Rascon's termination.

(ECF No. 68 at 5–10).  The Court recognizes and appreciates Sanchez's efforts to narrow its Document Requests; it is regrettable that the parties did not make a greater effort to achieve that narrowing without resorting to motion practice.  The Court agrees that, as narrowed to this single category of documents and one corporate representative affidavit describing Vista's document retention and search practices appropriately focuses discovery on two relevant issues going forward:  (1) the parties' pattern and practice of cash payments; and (2) the scope of Vista's search for documents relevant to the claims and defenses in this case.  As to the first, Vista's records of the timing and manner of receipt of payments from Sanchez during 2013 will shed light on whether Sanchez's defense that it paid for the Transactions in cash has validity and should not be burdensome to locate.  As to the second, testimony of a corporate representative on document retention and collection efforts, whether in the form of an affidavit or a Rule 30(b)(6) deposition, is a routine and efficient way to confirm the existence, or non-existence, of responsive documents.  See, e.g., Heller v. City of N.Y., No. 06 Civ. 2842 (NG) (CLP), 2008 WL

7

2944663, at *2 (E.D.N.Y. July 31, 2008) (discussing scope of custodian of records deposition to include "general practices and procedures for maintaining and storing" records and "whatever steps they took to search for" particular evidence); Philan Ins. Ltd. v. Frank B. Hall & Co., No. 87 Civ. 4624 (RPP), 1992 WL 183553, at *2 (S.D.N.Y. July 26, 1992) (permitting deposition of custodian of records that "may lead" to evidence probative of plaintiff's claim and damages). Accordingly, the Court grants Sanchez's Motion to the extent that Vista is ordered to conduct a reasonable search for and production of documents showing Vista's acceptance of cash payments from Sanchez with respect to the 2013 Transactions, and to provide an affidavit from its corporate representative discussing (a) Vista's litigation hold and its search of records relating to the Transactions in 2015, and (b) the nature, scope, and results of Vista's search for internal communications regarding Rascon's termination.

Also in its reply, Sanchez narrowed its demand to the following seven Interrogatories:

7. The payment process between the parties.

8. Vista employees Rascon and Hast [sic] terms of employment.

9. Rascon and/or Hast involvement [sic] in any transactions between Vista and Sanchez from July 2011 through November 2014.

10. How Sanchez typically paid Vista for its orders placed in July 2011 through December 2013.

11. Whether the payment process between Sanchez and Vista ever changed from July 2011 through November 2014.

> 16. The identity of any employees, representatives, and/or agents of Vista that were involved with the ordering and payments of food products for Sanchez from July 2011 through November 2014.
>
> 20. The identities of any third-party(ies) involved in the business relationship with Sanchez and Vista from July 2011 through November 2014 associated with the alleged transactions and amount owed to Vista.

(ECF No. 68 at 11). In contrast to Sanchez's narrowed Document Requests, the Court finds that, with the exception of Interrogatory Nos. 16 and 20 as revised by the Court below, the remaining five Interrogatories stray from the concept of relevant evidence and exceed the scope of permissible interrogatories under Local Civil Rule 33.3(a) and (b) at this stage of discovery. As to each of these five Interrogatories, Sanchez has failed to explain the relevance of any information stretching back to 2011, and given that the Court is ordering Vista to search for and produce payment records for the 2013 Transactions, an Interrogatory beyond that is unnecessarily duplicative. In addition, as to Interrogatory No. 8, the terms of Rascon's and Hast's employment by Vista have no bearing on the question whether Sanchez made, and Vista received, payments for the Transactions. Interrogatory No. 10 is duplicative of the Document Request to which the Court has ordered Vista to respond, and is also therefore not "a more practical method of obtaining the information sought." Local Civ. R. 33.3(b). Interrogatory No. 11 is in the nature of a contention interrogatory, which is not proper until the conclusion of discovery. See Gary Friedrich Enter., LLC v. Marvel Enter., Inc., No. 08 Civ. 1533 (BSJ) (JCF), 2011 WL 1642381, at *3-4 (S.D.N.Y. Apr. 26, 2011) (striking "premature contention interrogatories").

Only Interrogatory Nos. 16 and 20 arguably seek "the names of witnesses with knowledge of information relevant to the subject matter of the action," Local Civ. R. 33.3(a), but Sanchez has demonstrated that these two Interrogatories are "a more practical method of obtaining the information sought than a request for production or a deposition." Local Civ. R. 33.3(b). Even so, both Interrogatories are overbroad. As to Interrogatory No. 16, Sanchez has failed to explain how the "ordering" of products from Vista has any relevance to whether Sanchez made and Vista received payment for the Transactions. As to Interrogatory No. 20, Sanchez has failed to explain why third parties' knowledge of "the business relationship" between Sanchez and Vista has any relevance to payments for the Transactions. The Court has therefore revised these two Interrogatories to confine them to the scope permissible under Local Civil Rule 33.3 as follows:

16. The identity of any employees, representatives, and/or agents of Vista that were involved with the ~~ordering and~~ payments of food products for Sanchez from ~~July 2011~~ <u>January 2014</u> through November 2014.

20. The identities of any third-party(ies) ~~involved in the business relationship~~ with <u>knowledge of payments by</u> Sanchez ~~and~~ <u>to</u> Vista from ~~July 2011~~ <u>January 2014</u> through November 2014 associated with the alleged transactions and amount owed to Vista.

Accordingly, Sanchez's Motion is granted only to the extent that Vista must provide answers to revised Interrogatories Nos. 16 and 20, and is otherwise denied.

**2. Vista's Motion**

Vista's Motion asserts that Sanchez has refused or ignored Vista's requests to schedule a deposition on the topics listed in its Rule 30(b)(6) Deposition Notice or produce documents in

response to Vista's Document Requests.  (ECF No. 69).   It is unclear from Vista's Motion, which is just six sentences long, whether Sanchez has made any document production.

Sanchez opposes Vista's Motion on the grounds that Vista failed to first meet and confer, it has not objected to producing a witness but there is no basis for Vista's insistence that the deposition occur in December, and that the parties have until March 2021 to complete depositions.  (ECF No. 70).  Sanchez asks the Court to deny Vista's Motion and allow the parties the opportunity to agree on a schedule themselves.  (<u>Id.</u> At 3–4).  Sanchez's opposition does not discuss the status of its document production.  (ECF No. 70).

Given the sparse nature of Vista's Motion, the Court is struck with the impression that Vista's purpose was not to raise a genuine issue for the Court to resolve, but rather to retaliate for Sanchez's Motion.  The Court does find that each of the Topics for Examination of Sanchez's corporate representative appear reasonable and narrowly tailored, as do each of Vista's document requests.  The parties' submissions, however, give the Court no indication as to what, if any, dispute exists over these topics and which, if any, documents Sanchez has not yet produced.  On this basis, the Court denies Vista's Motion and directs the parties to meet and confer as to the Topics for and scheduling of the deposition of Sanchez's corporate representative, and any outstanding categories of documents Sanchez possesses but has not yet produced.

### III. CONCLUSION

For the reasons set forth in this Discovery Order, the Court ORDERS as follows:

(1) Sanchez's Motion is GRANTED IN PART to the extent that:

    a. Vista is ordered to conduct a reasonable search for and production of Documents showing Vista's acceptance of cash payments from Sanchez, in particular, a list of the 2013 Transactions.

    b. Vista is ordered to provide an affidavit from Vista's corporate representative regarding (i) Vista's litigation hold and its search of records relating to the Transactions in 2015, and (ii) the nature, scope, and results of Vista's search for internal communications regarding Rascon's termination.

    c. Vista is ordered to provide responses to revised Interrogatories Nos. 16 and 20.

    d. Sanchez's Motion is otherwise DENIED.

(2) Vista's Motion is DENIED, and the parties are directed to meet and confer regarding the Topics for and scheduling of the deposition of Sanchez's corporate representative and the production of documents responsive to Vista's requests that Sanchez has not yet produced.

The Clerk of Court is respectfully directed to close the Letter-Motion at ECF No. 69.

Dated:     New York, New York
            December 28, 2020                  SO ORDERED

                                                         SARAH L. CAVE
                                                         United States Magistrate Judge